IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| THE INDEPENDENT ORDER OF FORESTERS, | ) ) ) | |
| Plaintiff, | ) ) | CASE NO. 07 C 50242 |
| vs. | ) ) ) | |
| THE ESTATE OF SUSAN COLDREN, and DUSTIN COLDREN, | ) ) ) | |
| Defendants. | ) | |

_____

RESPONSE TO THE INDEPENDENT ORDER OF
FORESTERS COMPLAINT FOR INTERPLEADER

NOW COMES, the Defendant, The Estate of Susan Coldren ("Estate"), by and through its attorney, Theodore Liebovich, and as and for its response to the Independent Order of Foresters Complaint for Interpleader, states as follows:

1.  That the Estate admits that the Foresters brought this Complaint for Interpleader pursuant to 28 U.S.C. §§1335, 1397, and 2361 (2007) with respect to the rights and obligations of the parties pursuant to a certificate of life insurance, Certificate No. 412885

("Certificate"), owned by and insuring Marlin D. Coldren ("insured") with the face value of $20,000.00.

2.    That the Estate admits that two or more of the adverse claimants in this action are of diverse citizenship, and the amount in controversy exceeds $500.00.

3.    That the Estate admits that Foresters is a Canadian financial institution, with its principal place of business located in Toronto, Ontario, Canada.

4.    That the Estate admits that upon information and belief, the late Susan Coldren was a resident and citizen of Winnebago County, Illinois, and the Estate was probated in Winnebago County, Illinois.

5.    That the Estate has insufficient knowledge with which to admit or deny that Dustin Coldren is a resident and Citizen of Monroe County, Tennessee, and therefore neither admits or denies said allegations but demands strict proof thereof.

6.    That the Estate admits that the Certificate was issued by Foresters on April 13, 1993, but has insufficient knowledge that a copy of the "Certificate Specifications" is attached as Exhibit A.

7. That the Estate admits that on the date of issue, Susan Coldren, the Insured's spouse was the primary beneficiary.

8. That the Estate has insufficient knowledge with which to admit that on May 31, 1999 Foresters received a "Change of Beneficiary" form from the Insured naming Robert Lee Coldren the primary beneficiary of the Certificate and naming Dustin the contingent beneficiary of the Certificate and that Foresters recorded this beneficiary change that same day or that a copy of the Change of Beneficiary Form is attached to the Complaint as Exhibit "B" and therefore neither admits nor denies said allegations but demands strict proof thereof.

9. That the Estate admits that on March 2, 2000, Susan Coldren and the Insured were divorced.

10. That the Estate admits that on August 17, 2004 Robert Lee Coldren died.

11. That the Estate admits that on September 5, 2005 the Insured died while the Certificate was in full force and effect and Foresters became obligated to pay life insurance benefits in the amount of $20,000.00.

12. That the Estate admits that on October 14, 2005 Foresters received a "Claimant's Statement" from Susan Coldren making a claim to the proceeds of the Certificate attached to the Complaint as Exhibit "C".

13. That the Estate admits that on April 23, 2006 Susan Coldren died.

14. That the Estate admits that on or about June 27, 2007 the Estate brought a motion in *In re the Matter of the Estate of: Susan Coldren,* Case No. 06 P 268, presently proceeding in the Circuit Court for the 17th Judicial Circuit (Winnebago County, Illinois), to enjoin Foresters from distributing the proceeds of the Certificate and that the Court entered an order enjoining Foresters from distributing the Certificate proceeds on July 30, 2007 ("Injunction").

15. That the Estate has insufficient knowledge with which to admit that Foresters has located Dustin and advised him of his potential rights under the Certificate, or that Dustin has neither formally claimed the proceeds nor repudiated his latent claim to the proceeds and therefore neither admits nor denies said allegations but demands strict proof thereof.

16. That the Estate denies the claims to the Certificate proceeds are adverse to each other and conflicting and by reason of those adverse and conflicting claims Foresters is unable to discharge its admitted liability for proceeds under the Certificate without exposing itself to multiple litigation or liability or both.

17. That the Estate admits that Foresters is indifferent as to which of the claimants is entitled to the insurance proceeds and is interested only in paying and discharging its admitted liability once but denies it has been unable to do so by reason of the adverse and conflicting claims of the claimants, causing it to file its Complaint for Interpleader.

WHEREFORE, the Defendant, The Estate of Susan Coldren, respectfully requests that;

A. The Court enter an order directing payment of the death benefit to the Estate of Susan Coldren.

B. In the alternative that the death benefit be paid into the Clerk of this Court for eventual payment to the Estate of Susan Coldren upon presentation of proper proofs of claim.

C. For such other and further relief as the Court shall deem appropriate.

                    Respectfully submitted,

                    LAURIE MUELLER, EXECUTOR OF THE
                    ESTATE OF SUSAN COLDREN, Defendant

                    BY: _____
                          Theodore Liebovich, Her Attorney

Prepared By:

Theodore Liebovich (#67)
LIEBOVICH & WEBER, P.C.
415 South Mulford Road
P.O. Box 6066
Rockford, IL 61125-1066
(815) 226-8912