IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| THE INDEPENDENT ORDER OF FORESTERS ) | |
| ) | |
| Plaintiff ) | |
| v. ) | CASE NO. 07C50242 |
| ) | |
| THE ESTATE OF SUSAN COLDREN AND ) | |
| DUSTIN COLDREN, ) | |
| ) | |
| Deceased. ) | |

_____

### INTERPLEADER CLAIM OF THE ESTATE OF SUSAN COLDREN

NOW COMES LAURIE MUELLER, Executor of the Estate of Susan Coldren, Deceased, and for her Interpleader Claim against the funds deposited by The Independent Order of Foresters, with the Clerk of the Court, states as follows:

1. Independent Order of The Foresters, an insurance corporation organized and existing under the laws of Canada, with its principal place of business in Toronto, Ontario, Canada, has been granted leave to deposit with the Clerk's office its admitted liability in the amount of $20,000.00. The Clerk has been directed to deposit said sum into an interest bearing account pending further order of the Court.

2. Susan Coldren ("Decedent") died testate in Rockford, Illinois, on April 13, 2006, and the Decedent's will was admitted to probate on June 15, 2006, at which time Laurie Mueller was appointed as Executor.

3. Marlin Coldren was the husband of Susan Coldren. Susan and Marlin Coldren were divorced on March 2, 2000, in Winnebago County, Illinois.

4. Robert Lee Coldren was the son of Marlin Coldren. Robert Lee Coldren, on information and belief, is deceased, leaving surviving him on information and belief, Dustin Coldren, a minor.

5. This is an action for interpleader filed by the Plaintiff based upon alleged competing claims for benefits payable under the provisions of a life insurance policy with the Independent Order of Foresters insuring the life of Marlin Coldren, with a death benefit of approximately $20,000.00.

6. A certificate of death issued as a consequence of the death of Marlin Coldren states that the Decedent, a resident of the City of Rockford, County of Winnebago and State of Illinois, died on September 5, 2005. A true and correct copy of the death certificate is attached hereto as Exhibit "A".

7. The Independent Order of Foresters issued a policy of life insurance insuring the life of Marlin Coldren and an annual statement for the year ending April, 2005 is attached hereto, marked Exhibit "B" and made a part hereof.

8. The named beneficiary on the Foresters life insurance policy insuring the life of Marlin Coldren, as afore-described, is Robert Lee Coldren, his son.

9. The Decedent filed for divorce from marlin Coldren in April 1999. At that time, the Decedent was named as beneficiary of the Foresters Life

2

Insurance policy and the policy was marital property. Shortly thereafter and on May 31, 1999, without the knowledge or consent of the Decedent, Marlin Coldren changed the Beneficiary of the Policy to Robert Lee Coldren.

10. A true and correct copy of the Judgment for Dissolution of Marriage of Susan and Marlin Coldren entered on March 2, 2000, is attached hereto, marked Exhibit "C", and made a part hereof. At paragraph 10 of said judgment, it provides that "Any life insurance on the Defendant shall be maintained by the Plaintiff (Decedent) as owner of said policy, and Defendant (Marlin Coldren)shall comply with all requirements in furnishing all doctor's records as required to keep said insurance in force.". That provision is repeated and incorporated into the ordering provision of the Order for dissolution of marriage at paragraph I thereof.

11. The Foresters life insurance policy insuring the life of Marlin D. Coldren was in full force and effect at the time of the entry of the Judgment of Dissolution of Marriage between Marlin D. Coldren and Susan Coldren.

12. Marlin Coldren transferred the beneficial interest of the Foresters life insurance policy to his son Robert Lee Coldren in violation of the marital and ownership rights of the Decedent, Susan Coldren, as ordered by the Judgment for Dissolution of Marriage.

13. The Decedent, Susan Coldren, prior to her death, monitored and maintained the life insurance policy of Marlin Coldren.

14. As equitable owner of the policy, as provided under the Judgment of Dissolution of Marriage, the Estate of Susan Coldren, Deceased, claims ownership of the death benefit of the Foresters life insurance policy, insuring the life of Marlin Coldren.

15. The change of beneficiary by the Decedent, Marlin Coldren, from the Decedent, Susan Coldren, to his son, Robert Lee Coldren, after the filing of Dissolution of Marriage was in violation of the marital rights of Susan Coldren, and the Judgment for Dissolution of Marriage, and should be judicially estopped and set aside.

16. The Estate of Susan Coldren, Deceased filed a claim for payment of the death benefits to the Estate with Foresters claiming that the Estate is the proper beneficiary of the life insurance for the reasons afore-described.

WHEREFORE, the Petitioner, LAURIE MUELLER, respectfully requests that this Court enter an order as follows:

A. A declaration by the Court that the deposited funds held by the Clerk of the Court from the life insurance policy insuring the life of Marlin Coldren are properly awarded and be payable to the Estate of Susan Coldren, deceased and directing the Clerk of the Court to make said payment.

B.    For such other and further relief as the Court shall deem appropriate.

LAURIE MUELLER, Executor and Petitioner

By: _____
THEODORE LIEBOVICH, her Attorney

Prepared By:
Theodore Liebovich (#67)
LIEBOVICH & WEBER, P.C.
415 South Mulford Road
P.O. Box 6066
Rockford, IL 61125-1066
(815) 226-8912

5