IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| THE INDEPENDENT ORDER OF FORESTERS,<br>    Plaintiff,<br>v.<br><br>THE ESTATE OF SUSAN COLDREN, AND DUSTIN COLDREN,<br><br>    Defendants. | Case No. 07C50242 |

## ANSWER

NOW COMES the Defendant, DUSTIN COLDREN (hereinafter "Coldren"), by and through his attorneys, Hyzer, Hyzer & Jacobs Law Firm, and answers the Complaint of Plaintiff Independent Order of Foresters (hereinafter "Foresters") as follows:

1. Coldren admits that Foresters brought this Complaint for Interpleader pursuant to 28 U.S.C. §§1335, 1397, 2361 (2007) with respect to the rights and obligations of the parties pursuant to a certificate of life insurance, Certificate No. 412885 ("Certificate"), owned by and insuring Marlin D. Coldren ("insured") with the face value of $20,000.00

2. Coldren admits that two or more of the adverse claimants in this action are of diverse citizenship, and the amount in controversy exceeds $500.00.

3. Coldren admits that Foresters is a Canadian financial institution, with its principal place of business located in Toronto, Ontario, Canada.

4. Coldren is in possession of insufficient facts with which to form a belief as to the truth of the allegations set forth in paragraph 2 and can neither admit nor deny same but demands strict proof thereof.

5. Coldren admits the allegations in Paragraph 5 of Foresters' Complaint.

6. Coldren admits that the Certificate was issued by Foresters on April 13, 1993, but has insufficient knowledge that a copy of the "Certificate Specifications" is attached as Exhibit A.

7.  Coldren is in possession of insufficient facts with which to form a belief as to the truth of the allegations set forth in Paragraph 7 of Foresters' Complaint, and can neither admit nor deny same but demands strict proof thereof.

8.  Coldren admits the allegations in Paragraph 8 of Foresters' Complaint.

9.  Coldren admits the allegations in Paragraph 9 of Foresters' Complaint.

10. Coldren admits the allegations in Paragraph 10 of Foresters' Complaint.

11. Coldren  admits the allegations in Paragraph 11 of Foresters' Complaint.

12. Coldren is in possession of insufficient facts with which to form a belief as to the truth of the allegations set forth in Paragraph 12 of Foresters' Complaint, and can neither admit nor deny same but demands strict proof thereof.

13. Coldren t admits the allegations in Paragraph 13 of Foresters' Complaint.

14. Coldren is in possession of insufficient facts with which to form a belief as to the truth of the allegations set forth in Paragraph 14 of Foresters' Complaint, and can neither admit nor deny same but demands strict proof thereof.

15. Coldren admits that he has not repudiated his claim to the proceeds under the Certificate and admits that Foresters found him, but denies the remaining allegations in Plaintiff 15 of Foresters' Complaint.

16. Coldren denies the claims to the Certificate proceeds are adverse to each other and conflicting and by reason of those adverse and conflicting claims Foresters is unable to discharge its admitted liability for proceeds under the Certificate without exposing itself to multiple litigation or liability or both.

17. Coldren admits that Foresters is indifferent as to which of the claimants is entitled to the insurance proceeds and is interested only in paying and discharging its admitted liability once but denies it has been unable to do so by reason of the adverse and conflicting claims of the claimants, causing it to file its Complaint for Interpleader.

WHEREFORE, the Defendant, DUSTIN COLDREN, respectfully requests that;

A.  The Court enter an order directing payment of the death benefit to the Defendant, Dustin Coldren.

B.  In the alternative that the death benefit be paid into the Clerk of this Court for eventual payment to Dustin Coldren upon presentation of proper proofs of claim.

    C.  For such other and further relief as the Court shall deem appropriate.

Respectfully Submitted,
DUSTIN COLDREN,
Defendant.

Hyzer, Hyzer & Jacobs


By: /S/ Kaycee I. Chadwick

Prepared By:
Attorney Kaycee I. Chadwick
Hyzer, Hyzer & Jacobs
855 North Madison Street
Rockford, IL 61107-3095
815/965-3600