# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| THE INDEPENDENT ORDER OF FORESTERS, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No.: 07-C-50242 ) |
| THE ESTATE OF SUSAN COLDREN, and | ) ) ) |
| DUSTIN COLDREN | ) ) ) |
| Defendants. | ) |

### STIPULATED FINAL DECREE OF INTERPLEADER

This cause comes before the Court on the parties' Stipulation Regarding the Final Decree of Interpleader ("Stipulation"), the Court having considered the Stipulation, as well as The Independent Order of Foresters' ("Foresters") previously filed motion for the entry of a final decree of interpleader in its favor, the admissions and pleadings on file herein, this Court's docket, and the arguments and representations made by counsel for parties who have appeared in this matter; the Court being fully advised:

THE COURT FINDS AS FOLLOWS:

1. Foresters is a Canadian financial institution, with its principal place of business located in Toronto, Ontario, Canada.

2. On April 13, 1993 Foresters issued its certificate of life insurance, Certificate No. 4129885 ("Certificate"), owned by and insuring Marlin D. Coldren ("Insured") with a face value of $20,000.

3. Subsequent to the Insured's death, Foresters received adverse and conflicting claims to the Certificate proceeds that became due and payable from Foresters upon the death of

the Insured and Foresters is therefore unable to discharge its admitted liability for the life insurance proceeds under the Certificate on account of the death of Marlin D. Coldren without exposing itself to multiple litigation, liability, or both.

4. Foresters filed this interpleader action to avoid multiple liability or litigation or both and is entitled to interpleader relief as requested in its motion for the entry of this Final Decree of Interpleader.

5. The full and total liability of Foresters under the Certificate and on account of the death of the Insured is $20,811.76, which sum Foresters delivered to the Clerk of this Court on March 13, 2008.

6. Foresters brought the instant interpleader action as a disinterested stakeholder, in good faith, and seeking resolution of the multiple claims.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

A. This Court has personal jurisdiction of the parties to this interpleader action, namely The Estate of Susan Coldren and Dustin Coldren, both of whom have been served and have appeared before this Court, has subject matter jurisdiction over this lawsuit, and venue is proper in this Court.

B. Within seven days of today, The Estate of Susan Coldren will request the dissolution of the July 30, 2007 injunction entered in *In re the Matter of the Estate of: Susan Coldren*, Case No. 06 P 268, presently proceeding in the Circuit Court for the 17th Judicial Circuit (Winnebago County, Illinois).

C. Within seven days of today, The Estate of Susan Coldren will withdraw all pending petitions, motions, or other proceedings against Foresters in *In re the Matter of the Estate of: Susan Coldren.*

D.  Foresters has discharged its full and total liability under Certificate No. 4129885 payable on account of the death of Marlin D. Coldren and shall have no further liability to the defendants, and each of them, and each and any person or entity claiming through or for the benefit of the defendants, or any of them, arising under the certificate on account of the death of Marlin D. Coldren.

E.  The defendants, The Estate of Susan Coldren and Dustin Coldren, and any person or entity claiming through or for the benefit of them, are permanently and perpetually restrained and enjoined from commencing or prosecuting any proceeding or claim against Foresters in any state or federal court or any other forum with respect to the insurance proceeds payable under the Certificate No. 4129885 and on account of the death of Marlin D. Coldren and this injunction issues without bond or surety.

F.  Foresters is excused from further attendance upon this cause and the adverse claimant defendants shall litigate their claims to the deposited insurance proceeds which are the subject of this lawsuit without further involving Foresters.

G.  Foresters is entitled to recover $2,000 of its court costs and attorneys fees it has incurred and paid in the prosecution of this interpleader.

H.  Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, this decree is a final judgment and this Court expressly finds and determines that there is no just reason to delay enforcement or appeal of this order.

**DATE:** _____    _____